IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SARAH A. FRAZIER : 
:
:
:
V. : C.A. NO. 02-4848
:
:
:
THOMAS JEFFERSON HOSPITAL :

WEINER, J.  July 24, 2002

## **ORDER**

The motion of Plaintiff Sarah A. Frazier for a court appointed attorney to represent him in the above matter is DENIED.

Appointment of counsel in an in forma pauperis civil proceeding is a mater of discretion of a district court. Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is a privilege and not a right. U.S. ex rel Gardner v. Maden, 352 F.2d 792 (9th Cir. 1965). 28 U.S.C. §1915(e) vests the court with broad discretion to appoint counsel for an indigent in a civil action where the circumstances would properly justify it. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, supra at 477, citing Peterson v. Nadler, 452 F.2d 754 (8th Cir. 1971). Our Court of Appeals has stated that a request for appointment of counsel "is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to

the court is a complex but meritorious case". Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Our Court of Appeals has recently elaborated on the "special circumstances" under which counsel may be appointed. Tabron, supra. As a threshold matter, the district court must consider the merits of plaintiff's claim. Id. at 155. If the district court determines that the claim has an arguable basis in law and fact, it should consider a number of other factors. Id. These include the following: the plaintiff's ability to present his case taking into account plaintiff's education, literacy and prior litigation experience; the difficulty of the particular legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to conduct such investigation; the amount of discovery required and the degree to which the case is likely to turn on credibility determinations. Id. at 156-57. The Court of Appeals also stated that it was cognizant of the lack of funding to pay counsel and the limited supply of competent lawyers willing to accept such appointments. Id.

We do not believe that this case presents circumstances requiring appointment of counsel. There is no involved investigation to be done by plaintiff, nor evidence to be obtained. At trial, plaintiff will merely tell his story to the jury. She may call any witnesses he wishes. Of course, plaintiff and her witnesses will be subject to cross-examination. However, plaintiff may rest assured that, given her pro se status, the court will afford plaintiff every leniency it may within the confines of the Federal Rules of Civil Procedure and Evidence. If plaintiff can demonstrate to the court at any time in the future that counsel should be appointed, the court will certainly reconsider plaintiff's request.

IT IS SO ORDERED.

_____
CHARLES R. WEINER