## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| SARAH A. FRAZIER, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO. 02-CV-4848** |
| v. | : | |
| | : | |
| THOMAS JEFFERSON | : | |
| UNIVERSITY HOSPITAL, | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### ANSWER TO COMPLAINT

Defendant, Thomas Jefferson University Hospital ("TJUH"), hereby answers Plaintiff's

Complaint.

1.    Admitted.

2.    Denied.

3.    (As amended).  Defendant admits only the following:  that in the course of the

Plaintiff's employment with TJUH, Plaintiff's supervisor explained to Plaintiff that she could make the

correct placement of a white heart monitor lead on a patient's right shoulder by remembering "white is

right"; that Plaintiff was suspended in or about October 1998, because of inappropriate conduct in a

patient area; that Plaintiff brought grievances relating to her suspension and to alleged harassment by

other employees through her union; that Plaintiff filed a complaint with the Pennsylvania Human

Relations Commission; that following her suspension in October 1998, Plaintiff took a medical leave

of absence claiming mental health reasons, and that Plaintiff's supervisor advised Plaintiff that if

Plaintiff applied for a transfer upon her return to work, Plaintiff's record would not be withheld from

the new department.  Defendant is without information sufficient to respond to allegations regarding

alleged communications between Plaintiff and third parties, and those allegations therefore are denied.

Defendant denies the remaining allegations of paragraph 3 of the Complaint, as amended.

4.     Defendant denies that it has violated Plaintiff's rights or that Plaintiff is entitled

to any remedy.  Defendant is without information sufficient to respond to Plaintiff's allegations

regarding her medical condition and those allegations therefore are denied.

5.     Defendant admits that Plaintiff has attached a Right-To-Sue letter to the

Complaint.

6.     Paragraph 6 states a request for jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim of discrimination or discriminatory harassment as a matter

of law.

### SECOND DEFENSE

Plaintiff fails to state any claim as a matter of law.

### THIRD DEFENSE

Plaintiff's claims are preempted by the Labor Management Relations Act.

### FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by failure to exhaust

administrative remedies.

### FIFTH DEFENSE

Obesity is not a disability as a matter of law.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Worker's

Compensation Act.

## EIGHTH DEFENSE

Plaintiff's claims are barred because any requirements or policies applied to Plaintiff

were job-related and consistent with business necessity.

## NINTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested as a matter of law.

## TENTH DEFENSE

If Plaintiff has brought claims under the Pennsylvania Human Relations Act ("PHRA"),

she is not entitled to a jury trial on those claims.

## ELEVENTH DEFENSE

If Plaintiff has brought claims under the PHRA, she is not entitled to punitive damages

on those claims.

## TWELFTH DEFENSE

Plaintiff's claims for damages may be barred, in whole or in part, by her failure to

mitigate.

## THIRTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel and/or

waiver.

Defendant may have additional, yet unstated, affirmative defenses available. Defendant

reserves the right to assert additional affirmative defenses in the event discovery or the course of the

case indicates additional affirmative defenses would be appropriate.

WHEREFORE, Defendant requests that the Court dismiss the Complaint with prejudice

and award defendant attorneys' fees, costs and all other appropriate relief.

Respectfully submitted,


*/s/ Raymond A. Kresge*
RAYMOND A. KRESGE
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
Eighteenth and Arch Streets
Philadelphia, PA 19103
(215) 567-7500
        and
MARJORIE H. GORDON
Associate Counsel
Thomas Jefferson University
1020 Walnut Street, Suite 620
Philadelphia, PA 19107
(215) 955-8585

Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify this on this 15th day of November 2002, I caused to be served a

true and correct copy of the foregoing Answer to Complaint by first-class mail postage prepaid

upon plaintiff:


Sarah Frazier
5015 N. 9th Street
Philadelphia, PA  19141



***/s/ Raymond A. Kresge***
RAYMOND A. KRESGE