IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARAH A. FRAZIER,<br>　　　　　Plaintiff | : | CIVIL ACTION NO: 02-CV-4848 |
| | : | |
| v. | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY HOSPITAL,<br>　　　　　Defendant. | :<br>:<br>: | |

## AMENDED COMPLAINT AND JURY DEMAND

### I.　　INTRODUCTION

Plaintiff, Sarah A. Frazier, claims of Defendant, Thomas Jefferson University Hospital, a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

　　1.　　This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

　　2.　　This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. §626(b), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination and retaliation with respect to her compensation, terms, conditions and privileges of employment by the Defendant, based on her race (African American) and age (40), and for opposing unlawful discriminatory employment practices.

- 2 -

## II.   JURISDICTION AND VENUE

3.   The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, Title 42 U.S.C. §2000e-5(f), and 29 U.S.C. §626(b), which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.   The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.   All conditions precedent to the institution of this suit have been fulfilled. On May 10, 2002, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC"). An action was filed by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action. More than sixty (60) days have expired since Plaintiff filed her Charge alleging age discrimination with the EEOC.

## III.   PARTIES

6.   Plaintiff, Sarah A. Frazier, is an African American female citizen of the Commonwealth of Pennsylvania who resides therein at 5015 North 9th Street, Philadelphia, Pennsylvania.

7.   Defendant, Thomas Jefferson University Hospital, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 1020 Walnut Street,

Philadelphia, Pennsylvania.

8. At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, and the ADEA, and is subject to the provisions of each said Act.

## IV. STATEMENT OF CLAIMS

10. The Plaintiff was employed by the Defendant from on or about January 1995, until on or about October 13, 1998, when she was involuntarily forced to take a medical leave of absence as a result of the unlawful employment practices complained of herein.

11. During the course of her employment, the Plaintiff held the position of Certified Nursing Assistant (CNA). The Plaintiff performed her job in a dutiful and competent manner.

12. During the course of her employment, and in particular, beginning in October, 1997 when the Plaintiff was transferred to a new Unit, she was subjected to differential and disparate standards of treatment on the basis of her race and to discriminatory and derogatory racial epithets and aged based remarks, which created a hostile working environment and ultimately resulted in her taking a medical leave of absence from her employment.

13. In connection thereto, co-workers and senior employees made derogatory

remarks to the Plaintiff regarding African-Americans and her age, which included, but were not limited to: telling her that "everyone knows" the White race is right and then attempting to demonstrate that point by attaching a "white" medical lead to the "right" arm of a patient; telling her that "Whites" rule the unit; telling her that no one would listen to her because she was "black"; telling her she was old, fat and too slow for the unit; and that she had better leave the unit because she would continue to be harassed by co-workers.

14.  The Plaintiff was also subjected to unwarranted write-ups and disciplinary actions in her new unit, when such criticisms were not justified or substantiated.  Prior to joining the new Unit, the Plaintiff had always performed her job function in a dutiful, competent and courteous manner, and received accolades to that effect.

15.  The Plaintiff resisted and opposed the aforesaid discrimination and complained to the Defendant's management regarding the same.  In connection thereto, the Plaintiff complained to her Manager, one Sharon Millinghouser, with the assistance of her Union Delegate, one Regina Blassingame, that she was being victimized by racial discrimination and bias, as aforesaid.

16.  The said Millinghouser failed to take any remedial action on behalf of the Plaintiff and told her that she did not want to discuss the issue of "racism" with her.

17.  The Plaintiff also filed grievances with her Union regarding the said harassment and further complained to one Paula Thomas-DeLong, a Psychiatrist employed by the Defendant to address such employee issues.

18.  The actions of the Defendant, as aforesaid, created a hostile and offensive working environment and made it intolerable for the Plaintiff to continue in her employment. Furthermore, subsequent to registering the said complaints of discrimination,

the harassment and job scrutiny the Plaintiff was experiencing intensified.

19. As a direct result of the aforesaid discrimination and hostile working environment which was condoned and ratified by the Defendant, the Plaintiff was forced to take a medical leave of absence from her employment.

20. The Plaintiff believes and therefore avers that she was subjected to race and age discrimination, a hostile working environment, was retaliated against for opposing discrimination.

### COUNT I
### TITLE VII
### (Race Discrimination; Hostile Work Environment; Retaliation)
### Plaintiff v. Defendant

21. Plaintiff incorporates by reference paragraphs 1 through 20 of her Complaint as though fully set forth at length herein.

22. The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to racial discrimination in the terms, conditions and privileges of her employment, in subjecting Plaintiff to a hostile working environment, in retaliating against the Plaintiff for opposing discrimination and in causing the Plaintiff to take an involuntary medical leave of absence from her employment, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

23. The Defendant Corporation's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

24. As a direct result of Defendant's willful and unlawful actions in violation of

Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

**COUNT II**
**ADEA**
**(Age Discrimination)**
**Plaintiff v. Defendant**

25.  Plaintiff incorporates by reference paragraphs 1 through 24 of her Complaint as if fully set forth at length herein.

26.  The actions of the Defendant, through its agents, servants and employees, as alleged herein, subjected the Plaintiff to age discrimination in the terms, conditions and privileges of her employment and in causing the Plaintiff to take a medical leave of absence solely because of her age and for opposing discrimination and thereby violated the ADEA, 29, U.S.C. §626(b).

27.  The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

28.  As a direct result of the Defendant's willful and unlawful actions in terminating Plaintiff's employment in violation of the ADEA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

**PRAYER FOR RELIEF**

29.   Plaintiff repeats the allegations of paragraph 1 through 28 of her Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant Corporation and order that:

(a)   Defendant Corporation compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b)   Defendant Corporation pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c)   Defendants pay to Plaintiff punitive damages (under Title VII), liquidated damages under the ADEA, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

          **ANAPOL, SCHWARTZ, WEISS & COHAN**
          **FELDMAN & SMALLEY, P.C.**


      BY:_____
          KEVIN I. LOVITZ, ESQUIRE
          I.D. No. 70184
          1710 Spruce Street
          Philadelphia, PA 19103
          (215) 790-4557

          Attorney for Plaintiff,
          Sarah A. Frazier

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2003 a true and correct copy of Plaintiff's Amended Complaint and Jury Demand was delivered, via first-class mail, postage prepaid to:

>Raymond A. Kresge, Esquire
>Klett Rooney Lieber & Schorling
>Two Logan Square, 12th Floor
>Eighteenth and Arch Streets
>Philadelphia, PA  19103
>Attorney for Defendant,
>Thomas Jefferson University Hospital

>ANAPOL, SCHWARTZ, WEISS & COHAN
>FELDMAN & SMALLEY, P.C.

BY:_____
>KEVIN I. LOVITZ, ESQUIRE
>ID # 70184
>1710 Spruce Street
>Philadelphia, PA 19103
>(215) 790-4557

>Attorney for Plaintiff,
> Sarah Frazier