IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH A. FRAZIER,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 02-CV-4848 |
| THOMAS JEFFERSON UNIVERSITY HOSPITAL,<br>　　　　Defendant. | :<br>:<br>:<br>: |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT

Defendant Thomas Jefferson University Hospital hereby responds to Plaintiff's Amended Complaint as follows:

1.　　Defendant admits only that Plaintiff purports to bring an action seeking declaratory, injunctive, monetary and other relief against Defendant. The remaining allegations of paragraph 1 of the Amended Complaint are denied.

2.　　Defendant admits only that Plaintiff purports to bring claims against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., <u>as amended</u>, and the Age Discrimination in Employment Act, 29 U.S.C. § 626(b). The remaining allegations of paragraph 2 of the Amended Complaint are denied.

3.　　Defendant admits only that Plaintiff purports to invoke this Court's jurisdiction pursuant to the federal statutes identified in the Amended Complaint. The remaining allegations of paragraph 3 of the Amended Complaint set forth conclusions of law to which no response is required.

4. The allegations in paragraph 4 of the Amended Complaint state conclusions of law to which no response is required.

5. Defendant admits only that the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right To Sue in this matter as alleged, that Plaintiff filed an action within 90 days of the date set forth on the Right To Sue Notice, and that more than 60 days have passed since Plaintiff filed her charge alleging age discrimination with the EEOC. The remaining allegations of paragraph 5 of the Amended Complaint state conclusions of law to which no response is required and which are therefore denied. To the extent that any of the remaining allegations state factual allegations, they are denied.

6. Admitted. Defendant admits the address allegations of paragraph 6 based on its last-known information.

7. Defendant admits that it is a corporation organized and existing under Pennsylvania law. The remaining allegations of paragraph 7 of the Amended Complaint are denied.

8. Paragraph 8 of the Amended Complaint states conclusions of law to which no response is required and which are therefore denied. To the extent that Paragraph 8 states factual allegations, they are denied as Defendant cannot answer the allegations since the alleged "agents, servants and employees" are not identified.

9. Paragraph 9 of the Amended Complaint states conclusions of law to which no response is required.

10. Defendant admits only that it employed plaintiff. The remaining allegations of paragraph 10 of the Amended Complaint are denied.

11. Defendant admits only that Plaintiff held the position of Nursing Assistant during the course of her employment. The remaining allegations of paragraph 11 of the Amended Complaint are denied.

12. Defendant admits only that plaintiff transferred to a new position in October, 1997. The remaining allegations of paragraph 12 of the Amended Complaint are denied.

13. Denied.

14. Defendant admits only that plaintiff did receive write-ups and discipline. The remaining allegations of paragraph 14 of the Amended Complaint are denied.

15. Denied.

16. Denied.

17. Defendant admits only that Plaintiff filed grievances with her union, that plaintiff spoke to Paula DeLong, and that Paula DeLong is employed by Defendant. The remaining allegations of paragraph 17 of the Amended Complaint are denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant incorporates herein by reference its responses to paragraphs 1 through 20 of the Amended Complaint.

22. Denied.

23. Denied.

24. Denied.

25. Defendant incorporates herein by reference its responses to paragraphs 1 through 24 of the Amended Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Defendant incorporates herein by reference its responses to paragraphs 1 through 28 of the Amended Complaint. Defendant denies that plaintiff is entitled to judgment or to the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are preempted by the Labor Management Relations Act.

## THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff's claim for hostile environment is barred by the existence of a no-harassment policy(ies) with remedial procedures combined with plaintiff's failure to invoke and exhaust those procedures.

## SIXTH DEFENSE

Plaintiff's claim for retaliation is barred by her failure to file such claim within ninety days after issuance of the Right-to-Sue Notice by the EEOC.

## SEVENTH DEFENSE

Plaintiff's claims are barred because any requirements or policies applied to Plaintiff were job-related and consistent with business necessity.

## EIGHTH DEFENSE

Plaintiff is not entitled to some or all of the requested relief as a matter of law.

## NINTH DEFENSE

Plaintiff is not entitled to any back wages as a matter of law.

## TENTH DEFENSE

Plaintiff is not entitled to the requested punitive damages as a matter of law.

## ELEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part by her failure to mitigate.

## TWELFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, laches, and/or waiver.

Defendant may have additional, yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery or the course of the case indicates additional affirmative defenses would be appropriate.

WHEREFORE, Defendant requests that this Court dismiss the Amended Complaint with prejudice and award Defendant attorneys' fees, costs and other appropriate relief.

Respectfully submitted,

/s/ *Raymond A. Kresge*
RAYMOND A. KRESGE
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
Eighteenth and Arch Streets
Philadelphia, PA  19103
(215) 567-7500

Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2003, I caused a true and correct copy of Defendants' Answer To Amended Complaint to be served by first class mail postage-prepaid on plaintiff's counsel:

>Kevin I. Lovitz, Esquire
>Anapol, Schwartz, Weiss & Cohan,
>Feldman & Smalley, P.C.
>1710 Spruce Street
>Philadelphia, PA 19103

/s/ *Raymond A. Kresge*
RAYMOND A. KRESGE